## *Morrison's ex'or. vs. Rodes.*

Error to the Fayette Circuit; JESSE BLEDSOE, Judge.

### *Wills. Clerk's fees. Statutes.*

Judge OWSLEY delivered the Opinion of the Court.

THE executor of Morrison caused to be printed several copies of the last will and testament of the testator, and presented eight of them

MOTION.

Case 3.

April 15.

Case stated.

MORRISON'S
EX'OR.
vs.
RODES.

to Rodes, who is the clerk of the Fayette county court, in which the will was recorded, to be certified by him according to law. The copies were received by Rodes, examined, corrected and certified in due form of law, and then handed over to the executor.

For this service Rodes charged the executor two cents for every twenty words contained in the copies, and issued his fee bill accordingly. Conceiving that he was not bound to pay, and that Rodes had no right to charge for the copies, though certified by him, the executor moved the circuit court of Fayette county to quash the fee bill.

Judgment of circuit court.

The court was, however, of opinion, that the charge for the copies was correctly made by Rodes and overruled the motion of the executor.

To reverse that decision this writ of error is prosecuted.

The correctness of the decision turns upon the construction to be given to the act of assembly regulating clerk's fees. That part of the act under which the charge was made by Rodes, is in the following words:

Act fixing the fees of the county court clerks for copies of Wills, &c.

"The clerks of the county courts are entitled to the following fees for those services, which exclusively belong to their office, to-wit: For recording a will, or inventory, or appraisement, settlements with executors, or administrators, or guardians, or for *certified copies* thereof, for every twenty words 2 cents."

Were this the only provision of the act, having any bearing on the charge made by Rodes, there could, we apprehend, be no serious doubt as to the correctness of the decision of the circuit court. For though printed, after being examined, corrected and certified by Rodes, the copies of the will were *certified copies*, for which the provisions of the act cited expressly allows the clerk two cents for every twenty words, the precise amount charged by Rodes in the fee bill.

Clerk is enti-

But there are other provisions in the act which forbid clerks charging for services not actually ren-

MORRISON'S EX'OR. vs. RODES.

dered, and as the copies for which the charge was made by Rodes, was not actually written by him, but were furnished by the executor, it is contended that the charge for the copies is illegal, and that the fee bill ought, therefore, to have been quashed. It should, however, be recollected that by the express letter of the act to which we first referred, the fee of two cents for every twenty words, is allowed to the clerk for *certified copies*, so that the service for which the fee is given must be understood as actually rendered by the clerk, whenever the copy is duly certified by him, though the copy be not in fact made out by him. If the copy be furnished by others to the clerk, it has to be compared with the original, examined, and if inaccurate, corrected by him, before a certificate can, in due form, be given by the clerk. The copy must, therefore, by the very act of certifying it, though it be not written by him, be approved and adopted by the clerk as his own act, whereby is imposed upon the clerk the same liabilities for imperfections or inaccuracies in the copy, as if it had been actually written by him, and is conferring upon the clerk the undoubted right to have for the copy, the fee allowed by the act for a *certified copy*.

*[margin note: tled to the same fee for examining and certifying printed copies of a Will furnished by the party applying for the attestation, as for manuscripts made by himself.]*

A majority of the court, Judge Mills dissenting, are, therefore, of opinion that the decision of the court overruling the motion to quash the fee bill, must be affirmed, with cost.

### Dissent of Judge MILLS.

THE court is directed to quash every fee bill issued for services "*not actually rendered.*" These words are used in opposition to services legally rendered, or those which might be plausibly made by construction of law. Fee bills for constructive services, not rendered in fact, was the evil which the legislature intended to remedy, and on which the act inflicts a penalty. This fee bill is one of that character. It is a constructive right—a legal claim —and one for which the services were never *actually rendered*; I, therefore, do not feel myself authorized to sanction it by construction; and conceive

Morrison's
Ex'or.
vs.
Rodes.

that fee bills, where the services were not rendered in fact, cannot be recovered.

*Crittenden* and *Wickliffe*, for plaintiffs; *Chinn, Haggin* and *Loughborough*, for defendants.